## PEEK et al. v. UNITED STATES.

### No. 6526.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1932.

H. S. Beard and Jno. B. McNamara, both of Waco, Tex., for appellants.

John D. Hartman, U. S. Atty., of San Antonio, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Appellants Peek and Cochran were convicted for violating 18 USCA § 336, which declares: "No letter, package, postal card or circular concerning any lottery, gift enterprise or similar scheme offering prizes dependent in whole or in part upon lot or chance * * * shall be deposited in or carried by the mails of the United States," and punishes the offender. Appellants assign as error the overruling of their demurrer to the indictment and of their motion for an instructed verdict of not guilty. The indictment described the scheme as one to create an association of members for the purpose of raising money among themselves by assessment and distributing it largely by lot or chance as follows: Any unmarried person within certain age limits could become a member of the association upon payment of certain fees, receiving a certificate by which it was agreed that each member of the class, which is supposed to consist of one thousand certificate holders, should on the marriage of any other member of the class be assessed and would pay $1.25, and from the fund produced the marrying member should receive a maximum of $1,000 but not more than $1 per paying member of the class if the marriage happened more than a year after the date of his certificate; a maximum of $750 but not more than 75 cents per paying member if the marriage happened after nine months but within a year; a maximum of $500 but not more than 50 cents per member if the marriage happened after six months but within nine months; and a maximum of $250 but not more than 25 cents per member if the marriage happened after three months but within six months. A failure to pay an assessment within ten days after notice forfeited the defaulting member's rights. The indictment claimed that there was speculation as to when the members' marriage would occur, if ever, and also as to how many members would then be in the class and how much in consequence would be paid if the marriage did occur. There was further an allegation that the member could designate a marriageable male or female whom the member thought likely to be married, it not being necessary that the marrying party be a member of the association, and that in such case there was a mere wager without any insurable interest in the event. Except as to the last-stated allegation the indictment was fully proven, the defendants themselves indeed admitting its charges. As to that allegation the evidence merely showed that in one case two persons who were then engaged to be married to each other took each the usual certificate payable on his or her own marriage, the man, however, paying all the assessments, and upon their marriage both signed the receipt on each certificate. In another case a man paid the assessments on a certificate issued at his instance to a girl friend and payable to her on her marriage, and she receipted for the money paid. In each of these cases the marrying party did become a member and received a certificate by the terms of which he or she agreed to pay the assessments and was to receive the money on marriage, the person who actually paid the assessments appearing rather to have donated them than to have made a wager for his own benefit.

We do not think a case under the statute was made either by the things charged or by those proven. The defendants were the proprietors of the enterprise and profited by receiving initiation fees and the expense fund, but they gave nothing to anybody by lot or otherwise, so no gift enterprise was involved nor anything similar to one. Neither was the scheme a lottery or similar thereto. A "lottery" is usually defined as "a scheme for the distribution of prizes or things of value by lot or chance among persons who have paid or agreed to pay a valuable consideration for the chance to obtain a prize." 38 C. J. p. 287; Webster's International Dictionary. Another definition is: "A scheme by which a result is reached by some action or means taken, in which result man's choice or will has no part, nor can human reason, * * * sagacity or design enable him to know or determine * * * until the same has been accomplished." People v. Elliott, 74 Mich. 264, 41 N. W. 916, 917, 3 L. R. A. 403, 16 Am. St. Rep. 640. We considered this statute recently in Boasberg v. United States, 60 F.(2d) 185, 186, saying: "To be like a lottery there must be something staked, a larger possible winning, and the winning or losing must depend on lot or chance and not on skill or judgment." Equally the winning or losing must be beyond the will or influence of the wagerer. It is clear that the wagerer's own marriage,

while not wholly within the control of his will, is largely the product of it. His or her own initiative, determination, skill, and judgment play a far larger part in bringing it about than does any element of chance. One's own marriage certainly cannot be said to be determined by lot or chance. Even the case indistinctly alleged in the indictment but not proven, of a scheme to bet on the marriage of a person other than the certificate holder, while for want of insurable interest in the event more clearly a wager, is not within this statute. Whether the marriage of such third person will happen is not determined by lot or chance but primarily by the action of two human wills. The wagerer may inform himself of the circumstances and exercise judgment about it, and he may by suggestion or other activity influence its occurrence. Pertinacity and skill in love-making or in matchmaking are more directly potent in winning in the schemes described in the indictment than is lot or chance. We think the demurrer should have been sustained.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

BRYAN, Circuit Judge (concurring).

While I think the scheme proved is a fraudulent one, I agree that it does not violate the statute under which the indictment was drawn.